Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000800
16-FEB-2017
08:10 AM

NO. CAAP-16-0000800

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, By Its Office of Consumer Protection,
Plaintiff-Appellee,
v.
DEBORAH ANN HOKULANI JOSHUA, Defendant-Appellant,
and
RONALD R. RABANG and MATTHEW G. AIELLO, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0240-02)

ORDER GRANTING DECEMBER 12, 2016 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawai'i, By Its Office of Consumer Protection's (Appellee State Office of Consumer Protection), December 12, 2016 motion to dismiss appeal for lack of appellate jurisdiction, (2) the lack of any memorandum by Defendant/Cross-Claim Defendant/Appellant Deborah Ann Hokulani Joshua (Appellant Joshua) in response to Appellee State Office of Consumer Protection's December 12, 2016 motion, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Joshua's appeal from the Honorable Jeannette H. Castagnetti's October 6, 2016 second amended judgment, because Appellant Joshua's November 9, 2016 notice of appeal was not timely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

We initially note that Appellant Joshua's November 9, 2016 notice of appeal purported to assert an appeal from the circuit court's September 28, 2016 minute order indicating the circuit court's intent to enter a second amended judgment, despite that "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). Nevertheless, we infer that Appellant Joshua actually sought appellate review of the resulting October 6, 2016 second amended judgment. See HRAP Rule 3(c)(2) ("An appeal shall not be dismissed for informality of form or title of notice of appeal.").

The October 6, 2016 second amended judgment resolved all claims against all parties by expressly

- entering judgment in favor of Appellee State Office of Consumer Protection and against Appellant Joshua and Defendants/Cross-Claim Plaintiffs/Appellees Ronald R. Rabang and Matthew G. Aiello as to all six counts in Appellee State Office of Consumer Protection's complaint, and

- dismissing all other claims.

Therefore, the October 6, 2016 second amended judgment was an immediately appealable final judgment under HRS § 641-1(a), Hawai'i Rules of Civil Procedure Rule 58, and the holding in Jenkins.

"When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The thirtieth calendar day after October 6, 2016, was Saturday, November 5, 2016, and, thus, HRAP Rule 26(a) extended the thirty-day time period under HRAP Rule 4(a)(1) until Monday, November 7, 2016. However, Appellant Joshua failed to file her November 9, 2015 notice of appeal within thirty days after entry of the October 6, 2016 second amended final judgment, as HRAP Rule 4(a)(1) required for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or

-2-

judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, we do not have appellate jurisdiction over Appellant Joshua's appeal in appellate court case number CAAP-16-0000800.

Accordingly, IT IS HEREBY ORDERED that Appellee State Office of Consumer Protection's December 12, 2016 motion to dismiss appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-16-0000800 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 16, 2017.

Chief Judge

Associate Judge

Associate Judge

-3-